UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: NAVISTAR MAXXFORCE ENGINES
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION                                             MDL No. 2590


**TRANSFER ORDER**


**Before the Panel:**[*]  Defendants Navistar International Corporation and Navistar, Inc. (collectively, Navistar) move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Northern District of Illinois. Navistar alternatively supports centralization in a district in which a putative class action is pending or in the Northern District of Texas, where two of the earliest-filed individual actions are pending. This litigation currently consists of fourteen actions pending in eight districts, as listed on Schedules A and B.[1] All of the actions involve claims that the Advanced Exhaust Gas Recirculation (EGR) emission control system developed by Navistar for its MaxxForce truck engines is defective, resulting in repeated engine failures and frequent repairs.

Plaintiffs in eleven of the actions on the motion and one potential tag-along action support centralization in the Northern District of Illinois. Plaintiffs in three of these actions alternatively propose the District of New Jersey as the transferee forum. Plaintiff in the Northern District of Texas *Ross Neely* action, listed on Schedule B, opposes inclusion of that action in any centralized litigation due to its advanced procedural posture. Navistar concedes that exclusion of the *Ross Neely* action may be warranted, but several plaintiffs argue that all the actions, including *Ross Neely*, should be centralized.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization of the actions listed on Schedule A in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These actions share factual questions arising from alleged defects in Navistar's Advanced EGR emission control system that was used in Navistar's MaxxForce diesel engines. In all the actions, plaintiffs allege that trucks or other heavy-duty vehicles in which

---

[*] Judge Charles R. Breyer took no part in the decision of this matter.

[1] A fifteenth action listed on the motion, originally filed in the Western District of Louisiana, was dismissed on the plaintiffs' motion. In addition to these actions, the Panel has been notified of five related actions pending in the Central District of California, the Northern District of Illinois, and the Western District of Kentucky. These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

-2-

these engines were installed suffered repeated failures and fault warnings, resulting in costly and time-consuming repairs. All of the plaintiffs assert claims for breach of express and implied warranties. Nine of the actions are asserted on behalf of putative nationwide classes of purchasers or lessees of vehicles with MaxxForce engines. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly as to class certification), and conserve the resources of the parties, their counsel, and the judiciary.

We conclude that the Northern District of Texas *Ross Neely* action listed on Schedule B should not be included in the centralized proceedings. Discovery in that action has reached an advanced stage, and trial is set to begin just over two months from now (though counsel represented at oral argument that this date could be pushed back somewhat). Pretrial activities in the *Ross Neely* action thus are nearing completion, and its inclusion in the MDL will unnecessarily delay the resolution of that action. Any discovery obtained in the *Ross Neely* action can be made available to the parties in the centralized proceeding.

The Northern District of Illinois is the most appropriate transferee district for pretrial proceedings in this litigation. This district, which is supported by both defendants and a majority of the plaintiffs, is a convenient and accessible forum with the resources to devote to this litigation. Six of the actions are currently pending in the Northern District of Illinois. The Honorable Joan B. Gottschall, to whom we assign these actions, is an experienced transferee judge who will steer this litigation on an efficient and prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Joan B. Gottschall for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell        Lewis A. Kaplan
Ellen Segal Huvelle        R. David Proctor
Catherine D. Perry

IN RE: NAVISTAR MAXXFORCE ENGINES
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION                                MDL No. 2590

## SCHEDULE A

Southern District of Florida

PRIORITY TOWING, INC. v. NAVISTAR, INC., C.A. No. 9:14−81202

District of Idaho

FARM FRESH MARKETING, INC. v. NAVISTAR INC., ET AL.,
    C.A. No. 1:12−00558

Northern District of Illinois

PAR 4 TRANSPORT, LLC v. NAVISTAR, INC., C.A. No. 1:14−05151
DENIS GRAY TRUCKING, INC., ET AL. v. NAVISTAR INTERNATIONAL
    CORPORATION, C.A. No. 1:14−05249
B&T EXPRESS, INC., ET AL. v. NAVISTAR INTERNATIONAL
    CORPORATION, C.A. No. 1:14−05841
PIONEER TRANSPORTATION, LTD., ET AL. v. NAVISTAR INTERNATIONAL
    CORPORATION, ET AL., C.A. No. 1:14−07531
ANTIOCH BUILDING MATERIALS, CO., ET AL. v. NAVISTAR, INC.,
    C.A. No. 1:14−07602
FOERST v. NAVISTAR, INC., C.A. No. 1:14−07680

District of Maryland

WESTERN MARYLAND TRANSPORT, INC. v. NAVISTAR, INC., ET AL.,
    Bky. Adv. No. 0:14−00510

Eastern District of Missouri

GEORGE v. NAVISTAR, INC., C.A. No. 4:14−00493

Middle District of Pennsylvania

KLINGER v. NAVISTAR, INC., C.A. No. 1:14−01914

-A2-

**MDL No. 2590 Schedule A (Continued)**

<u>Northern District of Texas</u>

GCKMAT LLC v. NAVISTAR, INC., ET AL., C.A. No. 3:13−01591

<u>Eastern District of Wisconsin</u>

G&G SPECIALIZED CARRIERS LLC v. NAVISTAR, INC., C.A. No. 2:14−01057

**SCHEDULE B**

<u>Northern District of Texas</u>

ROSS NEELY SYSTEMS, INC. v. NAVISTAR, INC., ET AL., C.A. No. 3:13−01587